**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JIAXI HU, MENGFANT LI, XIAOYAN
WU, WEI REN, RUIMIN CHEN, JIANLI
DU, JIMEI ZHANG, ZHENPING HAO, JIE
CIU AND GUIYING WANG,

Case No. 1:15-cv-709-SSB-SKB

        Plaintiffs,

Honorable Sandra S. Beckwith
      District Judge

v.

Honorable Stephanie K. Bowman
      Magistrate Judge

TERRY CHAN, GARY CHAN, MARTIN
ANGIULLI, ANGIULLI, INC., KENTUCKY
REGIONAL CENTER, LLC D/B/A
MIDWEST EB-5 REGIONAL CENTER,
SV ARX, LLC, DANTE BELLA, LLC AND
JEFFREY JACOBS

        Defendants.


**REPLY OF TERRY CHAN AND GARY CHAN TO PLAINTIFFS'**
**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

      NOW COME Defendants Terry Chan and Gary Chan, by and through their undersigned

attorneys, and for their Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion

to Dismiss submit the following:

**I.**      **INTRODUCTION**

      On November 19, 2015, Plaintiffs filed their First Amended Complaint ("FAC" or

"Dkt. 2").  On January 26, 2016, Defendants Terry Chan and Gary Chan filed their Motion to

Dismiss (Dkt. 26) and Memorandum of Law in Support of their Motion to Dismiss Plaintiffs'

First Amended Complaint (Dkt. 30) (collectively referred to as "MTD").  On March 16, 2016,

Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss (hereinafter

"Response" or "Dkt. 38"). Claims I-VIII purport to be directed against all Defendants. In those

claims Plaintiffs fail to distinguish between the eight Defendants. "This is inadequate; each individual defendant must be apprised separately of the specific acts of which he is accused, especially in a case involving multiple defendants." *Benoay v. Decker*, 517 F.Supp. 490, 493 (E.D. Mich. 1981); *see also*, *Heinrichs v. Dunn*, 2014 U.S. Dist. LEXIS 98767 at *28 (S.D. Ohio) (holding that a complaint may not rely on blanket allegations against defendants because each defendant named is entitled to be apprised of the specific conduct he stands charged). Claim IX is not directed against Terry Chan and Gary Chan. Claim X (piercing the corporate veil) is not a claim at all, it is a remedy. For the reasons stated herein, and those contained in the MTD, Plaintiffs' FAC must be dismissed with prejudice.

In their Response, Plaintiffs attach a Notice of Intent to Terminate (NOIT) from United States Citizenship and Immigration Services ("USCIS") despite the fact that it was not attached to their FAC. A motion to dismiss is limited to the facts in the complaint and the documents attached. *Brown v. Whirlpool Corp,* 996 F.Supp.2d 623, 646 (N.D. Ohio 2014) (holding that raising new factual allegations in opposition to a motion to dismiss is improper). If the Plaintiffs wanted to support their allegations in the FAC with other documents, then they should have attached them to the FAC. The Court should disregard Exhibit A to the Plaintiffs' Response and any factual allegations derived therefrom.

## II. ARGUMENT

### A. Plaintiffs' Breach of Contract Claim Should Be Dismissed.

Plaintiffs' breach of contract claim is founded upon the Limited Partnership Agreement ("LPA"). Dkt. 2, Exhibit B. The parties to that agreement were Kentucky Regional Center, LLC, SV ARX, LLC and those persons that became Limited Partners. *Id*., p. 1. It is undisputed that Terry Chan and Gary Chan were not parties to the LPA, or any other agreement with Plaintiffs. Dkt. 38, p. 6. It is axiomatic that a party may not be liable for a breach of contract to which he is

not a party. *Arts Rental Equip. v. Bear Creek Constr*., 2011 Ohio Misc. LEXIS 155, *4 (*citing Jackson v. Sunnyside Toyota, Inc*., 175 Ohio App. 3d 370, 376 (12th Dist. 1995)). Plaintiffs do not cite any authority to the contrary. Nor do Plaintiffs address the case law cited in the MTD, including the identical factual scenario involving a failed breach of contract claim involving an EB-5 regional center. *See Arts Rental Equip.*, at *4, (*citing* ORC Ann. 1705.48 (where the members and managers had no personal liability for breach of the LLC's contracts solely by being members and managers)); *see also Ling Tie v. Peng Chan,* 2014 U.S. Dist. LEXIS 172440 at *21 (C.D. Cal.) (holding that plaintiffs, who invested in EB-5 regional center, could not allege a breach of contract action against members of LLC where funds were invested in because plaintiffs did not contract with the members).

Instead, Plaintiffs now argue that the Court "should…consider Plaintiffs' conspiracy and 'corporate veil' claims" in support of their breach of contract claim against Terry Chan and Gary Chan. Dkt. 38, p. 6. Plaintiffs do not cite to a single authority which supports this position. In Claim VIII, Plaintiffs purport to allege a claim for conspiracy against all Defendants. That claim is independent of Plaintiffs' claim for breach of contract and fails for the reasons stated in the MTD and herein. To the extent Plaintiffs now attempt to allege a claim for conspiracy to breach the contract, Ohio does not recognize such a claim. The cause of action underlying a claim of civil conspiracy must sound in tort. *See Wagoner v. Leach Co.*, 1999 Ohio App. LEXIS 3152, at *53-54 (Ohio Ct. App.) (*citing Schell v. Kaiser-Frazer Sales Corp*., 28 Ohio App. 2d 16, 22 (1971)).

Plaintiffs' "claim" for piercing the corporate veil cannot support their breach of contract claim either. As articulated in the MTD and in this Reply below, Plaintiffs' claim for piercing the corporate veil is not a claim at all. *See Minno v. Pro-Fab*, 2007 Ohio App. LEXIS 5724 at *4

(Ohio Ct. App.) ("piercing the corporate veil is not a claim, it is a remedy encompassed within a claim"). But also, Ohio law is clear that "[a] corporation's breach of contract, standing alone, is insufficient" to entitle Plaintiffs to the remedy of piercing the corporate veil.  *Siva v. 1138 LLC,* 2007 Ohio App. LEXIS 4202 at *12 (Ohio Ct. App.). In extraordinary cases, Ohio courts have recognized that the corporate entity may be disregarded. *See Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 288 (1993). However, in addition to a number of other factors, a plaintiff must prove commission of "fraud, an illegal act, or a similarly unlawful act."  *Siva*, 2007 Ohio 4667 at *12.  Mere breach of contract is insufficient. *Id*. As a result, Plaintiffs' claim for breach of contract against Terry Chan and Gary Chan fails as a matter of law and must be dismissed.

      B.    <u>Plaintiffs' Breach of Fiduciary Claim Should Be Dismissed</u>.

      In their Response, Plaintiffs assert that Terry and Gary Chan owed a common-law fiduciary duty to Plaintiffs. Plaintiffs rely on *Barnes v. First American Title Ins.*, 2006 U.S. Dist. LEXIS 54984 at *3 (N.D. Ohio). The defendants in *Barnes*, however, were title insurance providers and the plaintiffs were the insured. *Id*. The court, throughout the opinion, notes that the insurer/insured relationship is unique and the holding should be applied as such. *Id*. at *23. A breach of fiduciary duty is *based* on the relationship between the parties. *See Scotts Co. LLC v. Liberty Mut. Ins. Co.,* 606 F.Supp.2d 722, 735 (S.D. Ohio 2009) (The fact that one party possesses more expertise concerning the matter is insufficient in itself to establish a special relationship of trust) (emphasis added). The insurer/insured relationship does not mirror the facts pled in the FAC. *See Barnes*, 2006 U.S. Dist. LEXIS 54984 at *16-17; *Palmer-Donavin Mfg. Co. v. Rheem Sales Co.,* 2014 U.S. Dist. LEXIS 82993 at *17-19 (S.D. Ohio) (holding that the nature

of the transaction weighs in whether a fiduciary relationship exists). Thus, the holding in *Barnes* is inapplicable and unrelated.

Plaintiffs cite to another case, *Schafer v. RMS Realty*, that also fails to mirror the factual relationship between the parties. 138 Ohio App. 3d 244, 274 (Ohio Ct. App. 2000). While the case does discuss limited partnership relationships, the facts in *Schafer* dealt with the sale of a limited partnership and the dilution of interests within that partnership. Plaintiffs have not identified any authority that addresses the allegations of this case; that is, that members of an LLC, that is the general partner of a limited partnership, owe a fiduciary duty to the limited partners. A party cannot unilaterally elevate a relationship to a fiduciary level. *Cf. Cedar View, Ltd. v. Colpetzer*, 2006 U.S. Dist. LEXIS 7018 at *2-3 (N.D. Ohio). "[B]oth parties must understand that a special trust or confidence has been reposed." *Id*. at *3 (*quoting Anchor v. O'Toole*, 94 F.3d 1014, 1024 (6th Cir. 1996)). Because Plaintiffs fail identify any common-law fiduciary duty owed to them by Terry Chan and Gary Chan, their breach of fiduciary duty claim fails as a matter of law.

Plaintiffs next argue that the heightened pleading standard of Rule 9(b) should not apply on their breach of fiduciary duty claim. The case law is clear that when cases sound in fraud, Rule 9(b) applies. *Scotts Co. LLC*, 606 F.Supp.2d at 735; *In re National Century Financial Enterprises, Inc., Investment Litigation*, 504 F.Supp.2d 287, 311 (S.D. Ohio 2007). Plaintiffs concede this point, yet, argue the standard should not apply. Plaintiffs do not cite any contrary authority and therefore, the court should apply Rule 9(b) to Plaintiffs' breach of fiduciary duty claim.

Using the Rule 9(b) standard, Plaintiffs again fail to cite to any specific allegation against Terry Chan or Gary Chan in support of the alleged breach of fiduciary duty. Instead, Plaintiffs

5

continue to lump "all defendants" together. Plaintiffs fail to identify any specific allegations in the FAC that allege facts to demonstrate how Terry Chan and/or Gary Chan breached an alleged fiduciary duty to Plaintiffs. *See In re Huffy Corp. Secs. Litig.,* 577 F.Supp.2d 968, 984 (S.D. Ohio. 2008) (holding that "group pleading" in claims sounding in fraud does not fulfill the particularity requirement of 9(b)); *See also Causey v. City of Bay City*, 353 F.Supp.2d 864, 878 (E.D. Mich. 2005) (dismissing complaint where plaintiff failed to plead specific allegations with respect to each of the defendants).

Plaintiffs' argument that under Ohio law, the economic-loss rule is unsettled and thus, should not apply to Plaintiffs' breach of fiduciary duty claim is misplaced. Plaintiffs misread the holding in *Mulch Manufacturing Inc. v. Advanced Polymer Solutions, LLC*., 947 F.Supp.2d 841 (N.D. Ohio 2013). While the Northern District of Ohio did state that Ohio law is unsettled on how far the economic loss rule extends, the court stated that it is only unsettled when the court finds a duty *outside* of contract. *Id*. at 856 (emphasis added). Here, Plaintiffs' claims are contractual in nature and Plaintiffs fail to plead facts alleging how Terry Chan and Gary Chan owe any duty. In cases arising solely out of contract, as we have here, the economic loss rule is well settled. *Corporex Dev & Const. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412, 414 (2005). "Tort law is not designed to compensate parties for losses suffered as a result of breach of duties assumed only by agreement." *DQ Ohio LLC v. IDC Ohio Mgmt., LLC*, 2012 Ohio Misc. LEXIS 59 at *20-21 (Ohio. Ct. Com. Pl. Feb. 8, 2012).  Plaintiffs' breach of fiduciary duty claim should be dismissed.

C.     Plaintiffs' Fraud Claim Should Be Dismissed.

Plaintiffs claim to have alleged a "complex and far-reaching fraudulent scheme." Dkt. 38, p. 16.  There is nothing complex about Plaintiffs' generalized fraud claims. Plaintiffs cite three

alleged misrepresentations. Dkt. 38, p. 14. The first two of which (one relating to a guarantee by government funds and the other relating to alternate sources of funds) are alleged to have occurred prior to Plaintiffs' investment in the Fund. The PPM, which Plaintiffs all acknowledged and agreed to when entering into their subscription agreements (*see* Dkt. 2, Exhibits C-H, J-L), prohibits Plaintiffs from relying on any representations not made in the PPM. "The recipient should rely only on the information contained in this memorandum. The information contained in this memorandum supersedes any other information provided to potential investors." FAC, Exhibit A, p. 2. "Only information or representations contained or referenced herein may be relied upon as having been made by the Fund and the GP." *Id*. The PPM contains no such representations relating to a guarantee of funds, nor any representations as to alternate sources of funds. There is no set of facts which would entitle Plaintiffs to any relief based on these alleged misrepresentations and as a result, their claims for fraud based on these alleged misrepresentations fail as a matter of law.

The third alleged misrepresentation is not actionable fraud. In the FAC, Plaintiffs allege that "Defendants made material representations to Plaintiffs that their funds would remain in escrow until the I-526 applications were approved…" FAC, ¶ 86. Plaintiffs now claim that "the Chans represented to the Plaintiffs, both orally and in writing, that their funds would remain in escrow until the I-526 applications were approved." Dkt. 38, p. 14., (*citing* FAC, ¶¶ 38-39, 86). The FAC contains no allegation of any such oral misrepresentation, nor does it attribute that statement to Terry Chan or Gary Chan. The alleged misrepresentation upon which Plaintiffs base this allegation is found in the PPM. *See* FAC, ¶ 39.

Assuming *arguendo*, that the Plaintiffs could establish that that statement of the PPM was what was actually agreed to, it does not support a claim of fraud. At most, it is an allegation of a

breach of a contractual duty. Plaintiffs fail to address any of the authority cited in the MTD for the proposition that a claim for fraud cannot be predicated on a breach of a contractual duty. *See Nat'l Strategies, LLC v. NaphCare, Inc.*, 2011 U.S. Dist. LEXIS 85841 at *40 (N.D. Ohio); *Textron Financial Corp. v. Nationwide Mutual Ins. Co.*, 115 Ohio App.3d 137, 151 (9th Dist. 1996). Even an intentional breach does not convert a breach of contract claim into a tort claim. *Id*. Plaintiffs' allegations of fraud based upon the escrow agreement in the PPM are contractual. Plaintiffs have failed to state a claim for fraud.

Plaintiffs' claim for fraudulent inducement also fails to meet the requirements of Rule 9(b). In their Response, Plaintiffs argue that they have alleged sufficient facts to establish that Terry Chan and Gary Chan had knowledge that the alleged misstatement was false when made. Dkt. 38, p. 17. Plaintiffs cite, as the only example, that they alleged that "the Chans' actual intent was to begin using the funds as soon as they were deposited and available." *Id*. In support of that assertion, Plaintiffs cite to paragraphs 39, 86, and 87 of the FAC. However, none of those paragraphs support such an allegation. Plaintiffs mischaracterize their own allegations. Paragraph 39 is a block quote of a paragraph in the PPM upon which plaintiffs base their claim for fraudulent inducement. Paragraph 87 relates to Plaintiffs' allegation that there would be other, non-EB-5 funding in the project. Paragraph 86 states, in relevant part, that "Defendants . . . never had any intention of keeping Plaintiffs' funds in escrow." FAC, ¶ 86. This generalized and conclusory allegation is insufficient. *See Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). Plaintiffs' allegations must give rise to a "strong inference of fraudulent intent." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 406 (6th Cir. 2012). The FAC does not attribute the alleged fraudulent intent to any particular defendant, rather Plaintiffs lump all defendants together. There are no allegations of fact that demonstrate any defendants' motive

8

or opportunity to make the alleged inducing statement. For the reasons stated herein and in the MTD, Plaintiffs' claim for fraud/fraudulent inducement should be dismissed.

   D. <u>Plaintiffs' Claim for Conversion Should Be Dismissed</u>.

   Under Ohio law, to bring a claim for conversion, the plaintiff must allege facts that set forth: (1) the plaintiff has ownership or right to possession of the property at the time of the conversion, (2) the defendant's conversion was by a wrongful act or disposition of plaintiff's property rights, and (3) damages. *Parlin Fund LLC v. Citibank N.A.,* 2013 U.S. Dist. LEXIS 106511 at \*24 (S.D. Ohio). Where conversion is premised on the unlawful retention of property, the plaintiff must establish: "(1) he or she demanded the return of property, and (2) that the possessor refused to deliver the property to its rightful owner." *Dice v. White Family Cos.,* 173 Ohio App. 3d 472, 477 (2007); *Fenix Enters. v. M&M Mortg. Corp.*, 2009 U.S. Dist. LEXIS 113730 at \*18 (S.D. Ohio) (holding that a demand and refusal of return of payment are required when the original taking was rightful and no act of dominion or control inconsistent with ownership had taken place); s*ee also Reyes v. McCabe*, 1997 Ohio App. LEXIS 1240 at \*27-28 (Ohio Ct. App. 1997) (where plaintiff sought conversion after failed investment, the court held that plaintiff's conversion claim could not be maintained because plaintiff failed to ever make a demand for return of the funds invested).

   The FAC contains no allegations of fact that Plaintiffs made the requisite demand, nor that Terry Chan or Gary Chan refused to deliver Plaintiffs' property. While Plaintiffs generally allege in paragraph 82, that "Defendants exercised dominion and control" and refused to return Plaintiffs' property, Plaintiffs fail to attribute that allegation to any particular defendant or offer any details in support. Rule 12(b)(6) requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result, Plaintiffs' claim fails as a matter of law.

Plaintiffs seek to distinguish this case from the holding in *NPF IV Inc., et. al. v. Transitional Health Services*. 922 F.Supp. 77, 82 (S.D. Ohio 1996). While Plaintiffs are correct that money can be the subject of a conversion claim, they fail to acknowledge that a claim for money may only survive for *specific* money as opposed to a general sum. *Id*. (emphasis added). The Plaintiffs each invested a sum of money into a greater pool of funds for their interest in KRC Fund I, LP (the "Fund"). There is nothing in the FAC that suggests that the Plaintiffs' funds were specifically earmarked or sequestered in any way. Plaintiffs alleged that they transferred their funds into the Kentucky Regional Center, LLC's operating account. Dkt. 2, ¶ 48. Terry Chan and Gary Chan cannot be liable individually for a conversion action where the limited partnership held the funds. *See Crosby v. Beam*, 83 Ohio App. 3d 501, 510 (Ohio Ct. App. 1992) (holding that plaintiffs cannot bring individual actions for conversion against corporate officers where the corporation held the funds allegedly converted). Therefore, Plaintiffs' conversion claim should be dismissed.

      E.    <u>Plaintiffs' Claim for Unjust Enrichment Should Be Dismissed</u>.

Plaintiffs assert that because the existence of an express contract is in dispute, their unjust enrichment claim should move forward. Plaintiffs' assertion misses the mark. Terry Chan and Gary Chan do not dispute that Plaintiffs entered into the contract at issue, the LPA. Rather, Terry Chan and Gary Chan deny that they were parties to the LPA. However, that does not change the fact that an express contract exists and governs what relief, if any, Plaintiffs may be entitled to. *See Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009) (*citing Jones v. Jones*, 179 Ohio App. 3d 618, 629 (Ohio Ct. App. 2008)) (holding that a party may *not* recover

10

under a theory of unjust enrichment when an express contract covers the *same subject*) (emphasis added). Because the LPA covers the same subject, that is, Plaintiffs' investment into the Fund, Plaintiffs' claim fails as a matter of law.

Plaintiffs argue that the FAC is "replete with specific factual allegations" that show the Chans engaged in fraudulent conduct. Dkt. 38 p. 21. Plaintiffs cite paragraphs 24, 29, 33-46, 48, 51-55, 62, and 82-84. However, those paragraphs fail to state any specific allegation of fraudulent conduct by either Terry Chan or Gary Chan. Plaintiffs argue that discovery will "reveal additional fraudulent misconduct." Dkt. 38, p. 21. Plaintiffs are not entitled a free ticket to discovery. The purpose of a complaint is to seek a redress for a wrong, not to find one. *Patterson v. Novartis Pharms. Corp.*, 451 Fed. Appx. 495, 498 (6th Cir. 2011) (holding that a plaintiff is not entitled to proceed past the pleading stage in order to cure a defect in a complaint). Plaintiffs' unjust enrichment claim should be dismissed.

F.     Plaintiffs' Claim for Gross Negligence Should Be Dismissed.

Plaintiffs' Sixth Claim asserts that "Defendants" were grossly negligent in their legal duties as managers of the Fund. Plaintiffs continue to lump defendants together and fail to apprise any defendant of a duty owed to the Plaintiffs. By Plaintiffs' own admission, in their response to co-defendant's SV-ARX Motion to Dismiss, "Plaintiffs cannot consistently and with specificity distinguish which conduct is attributable to which party." Dkt. 39 p. 18.

Plaintiffs object to the documents attached to the MTD. The only exhibits attached to the MTD are copies of the Fund's business plans. The business plans are referred to in the PPM, which was attached to the FAC. Dkt. 2, Exhibit A. The business plans are also specifically referred to in the body of the FAC. *See id*., ¶ 52 (certain alleged investments were "inconsistent with *the Fund's business plan*…") (emphasis added). Where the plaintiff fails to attach a

pertinent document as part of his pleading, a defendant may introduce the exhibit as part of his motion attacking the pleading. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *McLaughlin v. Cnx Gas Co.,* 2016 U.S. App. LEXIS 1138, at *5 (6th Cir.) (*citing Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997)).

Not only do Plaintiffs refer to the business plan(s) in the FAC but they again refer to it in their response, stating: "A foundational premise of the entire business plan was that KRC . . . would work 'hand in glove' with SV ARX . . . to accomplish the Project's objectives[.]" Dkt. 38, p. 23. The Plaintiffs cannot have it both ways. Plaintiffs cannot assert that the Defendants' actions are inconsistent with the Fund's business plan(s) but then ignore the text of the business plan when confronted with them.  Plaintiffs' allegations that the Fund's investment in "technology companies like Zipscene and Wearcast"  was not consistent with the business plans or offering documents is demonstrably false.

Plaintiffs' Response fails to identify a duty independent of the contract that they entered into with the Fund. In fact, Plaintiffs' Response fails to address the argument altogether. Plaintiffs' gross negligence claim is premised on "Defendants'" alleged failure to "properly manage the Project and their investment funds consistent with the offering documents…"  FAC, ¶ 101. Those duties are contractual. Also, as more fully articulated in the MTD, assuming Plaintiffs could establish a separate duty arising independent of the contractual agreements alleged, their gross negligence claim is insufficient because it fails to allege actual damages beyond Plaintiffs' investment and the administration fees. *See Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115 Ohio App. 3d 137, 149 (1996).

Lastly, Plaintiffs argue that the court should strike the Exhibits to the MTD as "irrelevant, unauthenticated, and not properly before the Court." Dk. #38 pg. 24. For the reasons stated

above, the Exhibits are properly before the Court. Rule 12(f) of the Federal Rules of Civil Procedure (FRCP) governs motions to strike. Fed. R. Civ. P. 12(f). A motion to strike made by a party must be filed either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). A motion to dismiss is not a pleading within the definition of Fed. R. Civ. P. 7(a), and as a result, it is not subject to a motion to strike. Second, even if the MTD was a pleading, Plaintiffs' request is not timely. Plaintiffs' improper request to strike is simply not allowed under the Federal Rules of Civil Procedure.

G.    Plaintiffs' Claim for Violations of Securities Laws Should Be Dismissed.

In their Response, Plaintiffs argue that "they have alleged more than ample facts to give rise to a 'cogent and compelling' inference of *scienter* on the part of the Chans." Dkt. 38, p. 25. In support of that argument, Plaintiffs offer only that they "alleged that although the Chans represented to Plaintiffs that their investments would remain in escrow until their visa applications were granted, the Chans' actual intent was to begin using the funds as soon as they were deposited and available." Dkt. 38, p. 25, *citing* FAC at ¶¶ 38, 86, 87. Here, again, Plaintiffs mischaracterize the allegations in the FAC. Paragraph 39 is a block quote from the PPM. Paragraph 87 does not relate to the use of escrow or any alleged intent of Terry and Gary Chan. Paragraph 86, states, in relevant part, that "Defendants...never had any intention of keeping Plaintiffs' funds in escrow." FAC ¶ 86. Plaintiffs do not distinguish between the many defendants who are alleged to have participated in this fraud. The allegation in paragraph 86 is not directed or limited to any particular Defendant. The general reference to the Defendants' "intent" is not supported by any other allegation of fact. Plaintiffs' claim for violations of securities law is devoid of the particularity required by Rule 9(b), the Private Securities

Litigation Reform Act ("PLSRA") (15 U.S.C. § 78j(b)), and the case law cited in the MTD. "If plaintiff does not presently possess the relevant, indispensable facts to state a fraud claim with particularity, the precepts upon which Rules 9(b) and 11 are founded, mandate that he has no business charging a party with fraud on the slim hope that he may use the various and expensive tools of discovery available under the Federal Rules to put meat on the bare bones of his fraud claim. Fraud is too serious a charge, and litigation is too expensive, to allow such tactics." *Beck v. Cantor, Fitzgerald & Co.*, 621 F.Supp. 1547, 1552-53 (N.D. Ill. 1985) (analyzing a deficient claim for securities fraud pursuant to Rule 10-b). The FAC offers no facts from which a "cogent and compelling" inference of *scienter* can be drawn.

      H.    <u>Plaintiffs' Claim for Conspiracy Should Be Dismissed</u>.

      Plaintiffs agree that their claim for conspiracy is founded only upon their allegations of fraud and conversion.  Dkt. 38, p. 26.  As articulated in the MTD and herein, because Plaintiffs have failed to properly plead those underlying torts, there can be no civil conspiracy.  *In re Nat'l Century Fin. Enters., Inv. Litig*., 504 F.Supp.2d 287, 326-27 (S.D. Ohio 2007); *Universal Coach, Inc. v. New York City Transit Authority, Inc*. 90 Ohio App. 3d 284, 292 (1993).

      In their Response, Plaintiffs point to paragraphs 48 to 58 of the FAC as the allegations that support their claim for civil conspiracy.  However, those paragraphs are utterly bereft of the factual support necessary to plead a claim for civil conspiracy.  There is no allegation of any "malicious combination" or agreement between any of the defendants. Nor do those paragraphs offer any detail as to who entered into the alleged agreement or what was allegedly agreed to. Plaintiffs mischaracterize the holding of *Schell*, stating that detail is unnecessary in a conspiracy claim. *Schell v. Kaiser-Frazer Sales Corp*., 28 Ohio App. 2d at 21. *Schell* states specifically that a plaintiff must plead the who, what, where, when, and how of the conspiracy to survive a

motion to dismiss. *Id*. "A general allegation of conspiracy without a statement of facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action." *Id*. The Plaintiffs have pled none of these facts. Plaintiffs' arguments that Terry Chan and Gary Chan "acted in concert" and that a "wide-ranging conspiracy" occurred are insufficient. No amount of ominous sounding words will suffice. Plaintiffs' failure to plead facts sufficient to establish the necessary elements for a claim for civil conspiracy is fatal.

I.    <u>Plaintiffs' Claim for Piercing the Corporate Veil Should Be Dismissed</u>.

Plaintiffs do not dispute that piercing the corporate veil is not an independent cause of action. Dkt. 38, p. 27. Just as plaintiffs did not bring a <u>claim</u> for compensatory damages, forfeiture of fees, or punitive damages, they cannot bring a <u>claim</u> for piercing the corporate veil. It is a type of relief sought, and thus it is not a <u>claim</u> upon which relief can be granted.  Plaintiffs' tenth claim should be dismissed.

III.   **CONCLUSION**

WHEREFORE, Defendants Terry Chan and Gary Chan respectfully request that Plaintiffs' First Amended Complaint be dismissed with prejudice, and for such other relief as the Court deems just.

Dated: March 30, 2016                    Respectfully submitted,


                                  /s/ Mason N. Floyd
                                  Mason N. Floyd (06282874)
                                  Leigh D. Roadman (06193461)
                                  CLARK HILL PLC
                                  135 South LaSalle Street, Suite 3200
                                  Chicago, IL 60603
                                  Telephone (312) 360-5000
                                  Facsimile: (312) 360-5026
                                  E-Mail: mfloyd@clarkhill.com
                                  *Attorney for Gary Chan and Terry Chan*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 30, 2016, a true and exact copy of the foregoing was filed electronically and notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, as follows:

Martha L. Boyd
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
mboyd@bakerdonelson.com

Mark D. Griffin
Lori H. Patterson
Mary Wu
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
mgriffin@bakerdonelson.com
lpatterson@bakerdonelson.com
mwu@bakerdonelson.com

Counsel for Defendants Martin Angiulli, Angiulli, Inc., Kentucky Regional Center, LLC d/b/a Midwest EB-5 Regional Center, SV ARX, LLC, Dante Bella, LLC and Jeffrey Jacobs

Christopher D Cathey
PORTER WRIGHT MORRIS & ARTHUR
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
ccathey@porterwright.com

Counsel for Plaintiffs

Jennifer K. Nordstrom
GARVEY SHEARER, PSC
11260 Chester Road, Suite 110
Cincinnati, Ohio 45246
jnordstrom@garveyshearer.com

Co-counsel for Terry Chan & Gary Chan

204309946.2 52717/193111

/s/ Mason N. Floyd

16